## ALLIANZ UNDERWRITERS INSURANCE COMPANY, and Tab Products Company, Plaintiffs-Appellants,

v.

## CRESCENT GARAGE, INC., Rigsby Truck Lines, Inc., Iowa National Mutual Insurance Company and Home Insurance Company, Defendants-Respondents.†

Court of Appeals

*No. 87–1632. Submitted on briefs March 23, 1988.—Decided May 19, 1988.*

(Also reported in 426 N.W.2d 104.)

† Petition to review denied.

For the plaintiffs-appellants the cause was submitted on the *Bruce A. Olson* and *Patrick F. Koenen* and *Kluwin, Dunphy & Hankin* of Milwaukee.

For the defendants-respondents Crescent Garage, Inc., and Iowa National Mutual Insurance Company, the cause was submitted on the brief of *Joseph J. Ferris* and *Kasdorf, Lewis & Swietlik, S.C.,* of Milwaukee.

For the defendants-respondents Ringsby Truck Lines, Inc., and Home Insurance Company, the cause was submitted on the brief of *Michael T. Steber,* and *Piette, Knoll & Nelson, S.C.,* of Milwaukee.

Before Gartzke, P.J. Dykman and Eich, JJ.

GARTZKE, P.J. Tab Products Company and Allianz Underwriters Insurance Company appeal from summary judgment dismissing their complaint. The general issue is whether Tab and Allianz lost their rights against alleged joint-tortfeasors because Allianz filed a claim with the liquidator of one joint tortfeasor's liability insurer. We hold that filing the claim with an Iowa liquidator did not have that effect. We therefore reverse the judgment.

Tab and Allianz brought this action against Crescent Garage and its liability insurer, Iowa National Mutual Insurance Company, and Ringsby Truck Lines and its liability insurer, Home Insurance Company. Tab and Allianz allege damages to Tab's property caused by the alleged negligence of Crescent Garage

and Ringsby Truck Lines. Ringsby had accepted Tab's office equipment for shipment in Wisconsin. Ringsby and Crescent employees are claimed to have negligently destroyed the shipment. As Tab's property insurer, Allianz reimbursed Tab for its loss and seeks $77,998.83 on its subrogation claim. Tab seeks its $1,000 deductible. The defendants denied negligence. Ringsby and Home cross-complained against Crescent and Iowa National for contribution. Crescent and Iowa cross-complained against Ringsby and Home.

In October 1985, after Tab and Allianz had commenced this action, an Iowa court declared Iowa National insolvent and ordered its liquidation. The same month the Dane County circuit court ordered ancillary liquidation proceedings in Wisconsin. The circuit court enjoined prosecution of claims in Wisconsin against Iowa National and against the Wisconsin Insurance Security Fund except in the ancillary proceedings.

In October 1986 Allianz filed a claim for $78,998.83 with the Iowa liquidator.[1] Crescent and Iowa National subsequently moved for summary judgment dismissing the complaint. The grounds for their motion were that Allianz and Tab could not recover from the Iowa liquidator or the Wisconsin Insurance Security fund, and that filing the proof of claim with the Iowa liquidator barred plaintiffs from pursuing their claims against Crescent. Ringsby and Home moved for summary judgment on grounds that because filing the claim released Crescent, the same filing released any claim Allianz and Tab may have

---

[1]The claim alleges that Allianz paid Tab $78,998.83, not $77,998.83 as alleged in the complaint. No contention is made that Allianz's claim filed with the liquidator included Tab's $1,000.

had against Ringsby and Home. The trial court granted both motions.

No appeal is taken from that part of the judgment dismissing Allianz's complaint against Iowa National.

Tab and Allianz describe the issues as: (1) do secs. 645.68(3) and 646.31(6)(a), Stats., preclude Tab from pursuing its claim against Iowa National and the Wisconsin Insurance Security Fund; (2) does Allianz's having filed a claim in the Iowa liquidation preclude Tab and Allianz, by virtue of sec. 645.64(1), from pursuing their claims against Crescent; and (3) does that filing preclude Tab and Allianz, by virtue of sec. 645.64(1), from pursuing their claims against Ringsby and Home?

1. *Effect of Secs. 645.68 and 646.31, Stats., on Tab's Claims Against Iowa National and Fund*

Section 646.11(1), Stats., creates an "Insurance Security Fund." The fund was created to maintain public confidence in promises of insurers by providing a mechanism to protect insureds from excessive delay and loss in the event of liquidation of insurers. Sec. 646.01(2)(a). Claims may be filed against the fund. Section 646.31 establishes eligibility for payment from the fund.

Tab asserts that the trial court erred when dismissing Tab's $1,000 claim, since it is a proper third-party claimant against the fund under sec. 646.31, Stats. Section 646.31(6)(a) provides that "[t]he portion of a loss claim for which indemnification is provided by other benefits or advantages, which may not be included in the class of claims defined by s. 645.68(3), may not be claimed from the fund ...."

We reject Tab's argument to the extent it is based on secs. 645.68 and 646.31, Stats. Since Tab's complaint seeks no relief from the Wisconsin Insurance Fund, Tab's argument regarding the fund is not pertinent to this appeal. Sections 645.68(3) and 646.31 are irrelevant to Tab's pending action against Iowa National.

2. *Allianz's and Tab's Claims Against Crescent*

The trial court's ruling on the claims of Allianz and Tab against Crescent is based on sec. 645.64(1), Stats., which provides:

> Whenever any third party asserts a cause of action against an insured of an insurer in liquidation, the third party may file a claim with the liquidator. The filing of the claim shall release the insured's liability to the third party on that cause of action in the amount of the applicable policy limit, but the liquidator shall also insert in any form used for the filing of third party claims appropriate language to constitute such a release. The release shall be void if the insurance coverage is avoided by the liquidator.

The claim form provided by the liquidator of Iowa National failed to include the release language sec. 645.64(1), Stats., requires. Allianz and Tab contend that because the claim form failed to comply with the statutory requirement, filing the claim did not release Crescent. The trial court reasoned that the statutory requirement is merely directory. The court concluded that by filing the claim, Allianz released Crescent from liability to Allianz.

Tab has filed no claim with the Iowa liquidator. Whatever its effect on Allianz's claim against Cres-

cent, sec. 645.64(1), Stats., does not bar Tab's rights against that defendant. Insofar as it dismisses Tab's complaint against Crescent, we conclude that the trial court's judgment must be reversed.

We turn to the effect of sec. 645.64, Stats., on Allianz's claim against Crescent. We conclude it has no effect. Section 645.64 is part of subch. III, ch. 645. Subchapter III deals with the rehabilitation and liquidation of domestic insurers and alien insurers domiciled in this state. Subchapter III begins with sec. 645.31, which permits the commissioner of insurance to petition the circuit court "for an order directing rehabilitation of a domestic insurer or an alien insurer domiciled in this state ...." Section 645.32(1) provides for an order to rehabilitate the business of such an insurer. Succeeding sections deal with the power of the rehabilitator, concluding with sec. 645.35(1), which allows the rehabilitator to petition the court for an order of liquidation.

Liquidation of an insurance company is governed by the balance of subch. III, secs. 645.41 through 645.77, Stats. Section 645.41 permits the commissioner to seek an order directing him or her "to liquidate a domestic insurer or an alien insurer domiciled in this state ...." Section 645.42(1) provides that "[a]n order to liquidate the business of a domestic insurer shall appoint the commissioner ... liquidator ...." The many references to "the liquidator" in the remaining sections of subch. III, including sec. 645.64(1), must be to the liquidator appointed pursuant to secs. 645.41 and 645.42. We conclude that sec. 645.64(1) applies to claims filed with the liquidator of a domestic insurer or an alien insurer domiciled in this state.

Iowa National is domiciled in Iowa. This is the only inference which can be drawn from the order appointing the Iowa Commissioner of Insurance as rehabilitator of Iowa National. Iowa Code Ann. Secs. 507C.12. and 507C.13.1. (West 1988), provide for an order to rehabilitate "a domestic insurer or an alien insurer domiciled in" Iowa and for appointment of the commissioner as rehabilitator of a "domestic insurer or an alien insurer domiciled in" Iowa. Moreover, the Dane county circuit court's order for ancillary liquidation pursuant to sec. 645.84, Stats., recognizes that a "domiciliary liquidator" was appointed for Iowa National in Iowa.

We acknowledge that the Dane county circuit court's order purports to appoint the Wisconsin commissioner as "Ancillary Liquidator." That title is incorrect. No part of ch. 645, Stats., provides for the appointment of an ancillary liquidator. The correct title is "ancillary receiver." Section 645.84(1) provides, "If a domiciliary liquidator has been appointed for an insurer not domiciled in this state, the commissioner shall file a petition with the circuit court for Dane county requesting appointment as ancillary receiver in this state: ...."

Because we conclude that sec. 645.64(1), Stats., pertains only to claims filed with the liquidator of an insurer domiciled in Wisconsin, and because Iowa National is domiciled in Iowa, we hold that Allianz did not release Crescent by filing its claim with the Iowa liquidator. The judgment dismissing Allianz's complaint against Crescent must also be reversed.

3. *Claims of Allianz and Tab Against Ringsby and Home Insurance Company*

The trial court's rationale for dismissing the complaint of Tab and Allianz against Ringsby and Home was that the release of Crescent automatically released Crescent's joint tortfeasor, Ringsby, and therefore its insurer, Home. Because neither Tab nor Allianz have released Crescent, no basis exists for that rationale. We must therefore reverse the judgment dismissing the complaint against Ringsby and Home.

*By the Court.*—Judgment dismissing Tab's complaint reversed; judgment dismissing Allianz's complaint as to Crescent, Ringsby and Home reversed.